**NATIONAL PUMPS CORP. v AMERICAN PUMPS, INC.**

Ohio Appeals, 1st Dist, Hamilton Co

Decided December 9, 1940

Matthews & Matthews, Cincinnati, for appellant.

Robert G. McIntosh, Cincinnati, for appellee.

WASHBURN, PJ., DOYLE & STEVENS, JJ. (9th Dist), sitting by designation.

## OPINION

By DOYLE, J.

The appellant, National Pumps Corporation, brought suit in the Court of Common Pleas of Hamilton County against the appellee, American Pumps, Inc., in an action at law.

A demurrer was filed which attacked the petition upon the ground that it failed to state a cause of action.

This court has before it for determination an appeal on questions of law from the judgment of the said Court of Common Pleas, which sustained the demurrer and dismissed the petition, after the appellee had determined to stand on the petition as filed.

Pertinent parts of the petition are in the following language:

"Now comes the plaintiff and states that it is a corporation organized and existing under and by virtue of the laws of the State of Ohio; that American Pumps, Inc., is a corporation organized and existing under and by virtue of the laws of the State of Ohio, and is the successor corporation to the American Oil Pump & Tank Company, by virtue of a certain proceeding in the District Court of the United States, Southern District of Ohio, Western Division, in re The American Oil Pump & Tank Company, No. 11945, in which proceeding reorganization of said American Oil Pump & Tank Company was effected under the Acts of Congress made and provided therefore, whereby a plan of reorganization was adopted and approved by the said District Court of the United States, for the Southern District of Ohio, Western Division, under

which plan all of the real and personal property was transferred to the reorganized company, subject to any and all lawful mortgages and liens and subject to the condition that said reorganized company shall 'out of its net income pay to the creditors whose claims have been duly filed and allowed, the face amount of their said claims in the manner and on or before the times following, to wit:

"'20% or more of the amount of each of said claims on June 1, 1937.

"'20% or more of the amount of each of said claims on June 1, 1938.

"'20% or more of the amount of each of said claims on June 1, 1939.

"'20% or more of the amount of each of said claims on June 1, 1940.

"'20% or more of the amount of each of said claims on June 1, 1941.'

"The plaintiff states that said plan of reorganization was adopted and approved by said District Court of the United States, Southern District of Ohio, Western Division, on April 7, 1937, that thereafter a newly organized company, The American Pumps, Inc., took over and possessed itself of all of the property, both real and personal, of the American Oil Tank & Pump Company, in accordance with the plan or reorganization as above set forth.

"The plaintiff states that it filed its claim in the amount of $1,364.33 in accordance with the terms of said plan of reorganization as aforestated; that on the 12th day of July, 1937, it received from the defendant $272.87 and on the 26th day of June, 1939, it received $272.87, leaving a balance due and owing of $818.59.

"The plaintiff states that the defendant has failed and neglected to make the payment due under said plan of reorganization as aforestated of twenty per cent on June 1, 1939.

"Wherefore, plaintiff prays," etc.

This petition pleads a reorganization of the appellee company under §77B of the Federal Bankruptcy Law (Title 11, §217, U. S. Code).

Such reorganization may differ somewhat in degree from a simple composition of creditors with the debtor company, but such plan nevertheless, when accepted, "is nothing more than an agreement between the debtor and its creditors and stockholders, or, if the debtor has been declared insolvent, then between the several classes of creditors." Downtown Investment Association v Boston Metropolitan Buildings, 81 F. (2d), 314.

And if in the process of reorganization a new corporation is formed, such new corporation becomes the successor to and stands in the place of the old, and the rights and obligations of the old then become those of the new, subject to orders made in connection therewith.

The petition therefore pleads a simple contractual relationship between the appellant and the new corporation.

It is the claim of counsel for the appellee that the petition fails to state a cause of action because, in the language of counsel, nowhere in (its) petition does (plaintiff) state that there was 'net income', nor does (plaintiff) indicate any excuse or make any allegation that the defendant had obviated this requirement by failing to create net income. Therefore, the defendant demurred to the petition for the reason that it did not state a cause of action, it being the defendant's contention that plaintiff, to make a good cause of action, must necessarily allege that there was net income or that there is some excuse for (its) not pleading the creation of net income."

The members of this court are of the opinion that there is a general doctrine applicable to this case. It is: That when one voluntarily under- takes to do a thing without qualification, performance is not excused because of the arising of contingencies not foreseen which render it impossible for him to do the thing which he has agreed to do. This doctrine protects the integrity of contracts, and one of the reasons assigned for its support is that as against such contingencies, the party could have provided by his contract.

See Paradine v Jane, Aleyn, 26, 82 English Reprint, 897.

Impossible conditions, of course, cannot be performed, and if a person contracts to do what at the time is absolutely impossible, the contract will not bind him because no person can be obliged to perform an impossibility; but where the contract is to do a thing which is possible in itself, the performance is not excused by the occurrence of a contingency or situation, although it was not foreseen by the party nor within his control. Boyden v United States, 13 Wall., 17, 20 L. Ed., 527.

Generally, impossibility of performance of a contract is not a defense when the impossibility arises after the contract is made. 17 Corpus Juris Secundum, 947. §459 et seq. 12 American Jurisprudence, 930, §363.

In the instant case, it is the claim that the existence of net income is a condition in the contract. On the contrary, the members of this court are of the opinion that the provision of the contract to pay plaintiff "out of its (defendant's) net income" is not an obligation to pay plaintiff "if it has a net income," but rather is an obligation to create a net income and pay plaintiff therefrom.

On that construction of the contract, the defendant's failure to create net income and to pay therefrom is a breach of the contract, entitling plaintiff to a judgment or at least obliging the defendant to plead any excuse it may have for such failure, if there can be an excuse which would constitute a defense.

It was error for the court to sustain the demurrer and render final judgment in favor of the defendant, and said judgment is therefore reversed and the cause remanded.

Judgment reversed.

WASHBURN, PJ. & STEVENS, J., concur.